## The People of the State of Illinois for use of Betty Dunn, Appellee, v. Roy Moore, Appellant.

### (Not to be reported in full.)

Appeal from the County Court of Johnson county; the Hon. J. F. HIGHT, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

### Statement of the Case.

Bastardy proceeding by the People of the State of Illinois for the use of Betty Dunn charging Roy Moore with being the father of her bastard child. The trial resulted in a verdict finding the defendant the father of the child and judgment was entered requiring him to pay $350 for its support. To reverse the judgment defendant appeals.

O. R. MORGAN, for appellant.

H. A. SPANN, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 842*—*sufficiency of certificate that record contains all the evidence.* The making of a certificate that the rec-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ord contains all the evidence is a judicial act which must be performed by the judge; a certificate of the reporter cannot be taken as a substitute for the certificate of the judge.

2. APPEAL AND ERROR, § 1269*—*presumption in absence of certificate of trial judge.* Where no certificate of the judge certifying that the record contains all the evidence is incorporated in the bill of exceptions, the Appellate Court must presume that the jury and the court were warranted in finding the verdict and judgment rendered and cannot interfere with such verdict on an appeal.

3. BASTARDS, § 32*—*when presence of child in court room not error.* In a bastardy proceeding it is not improper to have the child present in the court room, and the fact· that prosecutrix sat near the jury with the child *held* not prejudicial where the courts on objection of defendant's counsel required her to remove with the child to another part of the room, it appearing there was no effort made to exhibit the child to the jury for their critical examination.

4. BASTARDS, § 25*—*matters of which prosecutrix may not be cross-examined.* Refusing to permit the prosecutrix in a bastardy proceeding to answer questions propounded to her on cross-examination with reference to whether she had ever before had intercourse with other men and with reference to whether she had not on former occasions claimed to be a virtuous woman, *held* not improper.

5. INSTRUCTIONS, § 88*—*when may authorize jury to apply their knowledge and experience.* An instruction authorizing the jury to apply whatever experience and knowledge they may have had in determining the facts of the case, *held* not objectionable.

6. INSTRUCTIONS, § 95*—*when not improper as to credibility of witnesses.* The giving of an instruction which tells the jury that they are not "bound" to believe a fact merely because a witness has testified to it and "should not do so" if from all the facts and circumstances proved the witness is mistaken or testified falsely, *held* not objectionable for the reason that the jury may be led to believe that they are not to consider other evidence.

7. BASTARDS, § 34*—*when instruction proper.* An instruction in a bastardy proceeding which tells the jury that even if the prosecuting witness had intercourse with other persons such fact would not warrant the jury in finding the defendant not guilty, if they believe from a preponderance of the evidence that defendant is the father of the child, *held* to properly state the law.

8. APPEAL AND ERROR, § 1543*—*when giving inaccurate instruction on credibility of witness harmless.* An instruction which states: "You are instructed that the credibility of the witnesses is a question exclusively for the jury; and the law is that where a number of

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative, Quarterly, same topic and section number.

witnesses testify directly opposite to each other the jury are not bound to consider the weight of the evidence as evenly balanced. The jury have the right to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and fairness and from all the other surrounding circumstances appearing on the trial which witness or witnesses are most worthy of credit and give credit accordingly," *held* subject to the criticism that omits the expression "all the evidence in the case;" but the giving of the instruction *held* not reversible error in view of the other instructions given, and it could not be said that the jury were misled thereby or that a different result would have been reached had the instruction been strictly accurate.

9. BASTARDS, § 38*—*sufficiency of judgment.* A judgment rendered against the defendant for the support and maintenance of a bastard child, *held* not objectionable as attempting to bind the sureties to pay whatever judgment might be rendered against defendant, where the judgment was rendered against the defendant only.